IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

CARMEN PAZ,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; The Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA"); and 47 U.S.C. 227(b)(1)(A)(iii).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, CARMEN PAZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Pompano Beach.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, ("Defendant") or ("MAB") is a Limited Liability Company who at all relevant times was engaged, by use of the mails and telephone, in

the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

6.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

7.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

8.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

9.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10.     Since July of 2009, Defendant has called Plaintiff's cellular telephone repeatedly and continuously in connection with the collection of a debt allegedly owed to Defendant by a third party named "Sofia Martinez."

11.     Plaintiff has informed Defendant on numerous occasions that she is not "Sofia Martinez," and Defendant has verbally agreed to cease the calls on numerous occasions but has failed to do so.

12.     Plaintiff has spoken with the following employees/contractors/agents of Defendant: Mr. Anderson, Ms. Kaplan, Jim Rabelen, and Sherry.

13.     Said phone calls received by Plaintiff originated from the number: 1-866-716

1545. Voice recordings left by Defendant on Plaintiff's cellular telephone instructed Plaintiff to return all phone calls to: 1-877-764-3252.

14. The phone calls have occurred, without limitation, on the following dates: Oct. 1, 2009 @ 12:00 A.M., Dec. 14, 2009 @ 8:15 A.M., Dec. 14, 2009 @ 12:28 P.M., Dec. 20, 2009 @ 1:59 P.M., Dec. 27, 2009 @ 3:45 P.M. (Auto/Pre-Recorded), Jan. 18, 2010 @ 12:19 P.M. (Auto/Pre-Recorded), Apr. 19, 2010 @ 4:15 P.M. (Auto/Pre-Recorded), Apr. 20, 2010 @ 10:26 A.M. (Auto/Pre-Recorded), Apr. 21, 2010 @ 11:36 A.M. (Auto/Pre-Recorded), Apr. 22, 2010 (A.M., time uncertain) (Auto/Pre-Recorded), Apr. 26, 2010 @ 2:35 P.M. (Auto/Pre-Recorded), Apr. 30, 2010 @ 12:36 P.M. (Auto/Pre-Recorded), and May 3, 2010 @ 12:53 P.M.

15. Upon information and belief, Defendant called Plaintiff approximately 6 to 10 times per month from July through April of 2010. Plaintiff received approximately 20 calls from Defendant during the month of May 2010 alone.

16. These phone calls were non-emergency calls placed to Plaintiff's cellular telephone without Plaintiff's express permission, using an automated dialing system, as well as artificial and pre-recorded voices.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring

repeatedly or continuously with intent to harass, annoy, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial and/or prerecorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
### AGAINST MAB

  22. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

  23. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with the Plaintiff with such frequency as could reasonably be expected to harass the Plaintiff.

  24. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

  WHEREFORE, Plaintiff, CARMEN PAZ, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Emotional and/or mental anguish damages;

  c. Statutory damages of $1,000.00;

  d. Plaintiff's attorneys' fees and costs;

  e. Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

  25. Plaintiff is entitled to and hereby demands a trial by jury.

  Respectfully submitted this ___ day of _____, 20__.

Respectfully submitted,
**CARMEN PAZ**


By:_____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com